IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZECKEYA PERRY                                                                                        PLAINTIFF
ADC #156241

v.                                          4:20-cv-00052-JM-JJV

IVORY McDANIEL, Lieutenant,
Shift Supervisor; *et al*.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.   INTRODUCTION**

Zeckeya Perry ("Plaintiff"), an inmate currently at the Cummins Unit of the Arkansas Division of Corrections ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging Defendants violated his federally protected rights. (Doc. Nos. 2 and 7-1.) Plaintiff sued twenty-nine (29) ADC officials in their personal capacity and seeks compensatory and punitive damages. (Doc. No. 7-1 at 4, 8, and 11.)

Plaintiff's exhausted allegations are: (1) between March 2019 and September 2019, Defendants Ivory McDaniel, Marshall Dale Reed, Wendy Kelley, Dexter Payne, Aundrea

Culclager, Todd Ball, Jared Byers, Anthony Jackson, Kenyon Randle, Rodney Ford, Nicola Kelly, John Spears, Brandon Davis, Everett Litzsey, Dora Blunt, Falandus Graydon, Richard Clark, Sheila Mathews, Clayborne Cosen III, James Gardner, and Richard Cirreno denied him adequate out-of-cell recreation time in violation of the Eighth Amendment;[1] (2) on September 17, 2019, Defendants McDaniel, Litzsey, Lakita Patterson, Lashonda Johnson, Justin Russell, Christopher Stewart, Marquise McCraney, Elizabeth Ply, and Shelby Houston retaliated against him for filing grievances about out-of-cell recreation time when they reduced his yard call from 90 to 60 minutes, and searched his cell; and (3) on October 23, 2019, Defendants Reed, Payne, William Straughn, Byers, Jackson, Ford, Litzsey, McDaniel, Patterson, Johnson, Russell, Houston, and Ply retaliated against Plaintiff for filing grievances about out-of-cell recreation time when they refused to put him on the "yard list." (Doc. No. 7-1 at 4-10; Doc. No. 72; Doc. No. 74.)

The Clerk of Court entered an Entry of Default against former ADC employee Defendant Nicola Kelly after she failed to timely file an answer or responsive pleading. (Doc. No. 89.) Plaintiff has now filed a Motion for Request of Default Judgment. (Doc. No. 90.)

Plaintiff also filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 96-98.) All Defendants, except Defendant Kelly, (collectively "Defendants") filed a Response in Opposition, Brief in Opposition, and Response to Plaintiff's Statement of Facts. (Doc. Nos. 109-111.) Plaintiff filed a "Response to Defendants' Reply to Summary Judgment." (Doc. No. 112.)

---

[1] Plaintiff voluntarily dismissed his allegations that these Defendants violated his due process rights when he was not allowed adequate outdoor recreation time. (Doc. No. 7-1 at 1.)

2

Defendants filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 105-107.) Plaintiff filed a Response. (Doc. No. 115.) Defendants filed a Reply. (Doc. No. 116.)

After careful review, and for the following reasons, I find Plaintiff's Motion for Summary Judgment should be DENIED, Defendants' Motion for Summary Judgment should be GRANTED, and Plaintiff's Request for Default Judgment against Defendant Kelly be DENIED.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  DISCUSSION

Defendants argue they are entitled to qualified immunity.  I agree.  Qualified immunity protects government officials who acted in an objectively reasonable manner and shields them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

Defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that reasonable officials would not have known their actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016).  Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 232; *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009).  For the following reasons, I find Defendants are entitled to qualified immunity based on the first prong of the analysis.

### A. Out-of-Cell Recreation Time

Plaintiff claims in 2019, he was not provided any out-of-cell recreation time during the month of March.[2] (Doc. No. 98 at 1; Doc. No. 107 at 2.) Plaintiff also alleges during 2019, he was only allowed out-of-cell recreation: (1) once in April (April 30); (2) three times in May (May 14, 24, and 31); (3) twice in June (June 11 and 25); (4) six times in July (July 5, 9, 18, 19, 23, and 30); (4) four times in August (August 8, 13, 22, and 29); and (5) six times in September (September 3, 10, 12, 17, 19, and 20).[3] (Doc. No. 98 at 1-3; Doc. No. 107 at 3-4.) According to Plaintiff, because of the denial of adequate out-of-cell recreation time, he suffered psychological and emotional pain and "risks/threats to physical health." (Doc. No. 7-1 at 8.)

During all relevant times to this lawsuit, Plaintiff was held at the Tucker Max Unit and housed in Cellblock 5 in a single-man cell in restrictive housing, except when he was placed in punitive isolation. (Doc. No. 105-1 at 5; Doc. No. 105-2 at 2; Doc. No. 109.)

According to Plaintiff, the opportunity to be outside his cell in maximum security is severely restricted. (Doc. No. 6 at 2.) Plaintiff takes telephone calls, shaves, eats his meals, and conducts his law and library services inside his cell. (*Id*.) Plaintiff was held in his cell 24 hours a day, except when he was allowed out of his cell for: (1) "[b]arber activities" once every two weeks;

---

[2] Defendants assert Plaintiff was offered the opportunity for out-of-cell recreation six times in March, but he refused. (Doc. No. 105-2 at ¶ 6.) Plaintiff refutes this assertion, stating he was continuously denied out-of-cell recreation in March. (Doc. No. 98 at 1; Doc. No. 115 at 3.) For purposes of summary judgment, I will assume Plaintiff's version of the facts.

[3] Defendants, relying on a declaration of Ivory McDaniel (Doc. No. 105-2) and a Housing Area Count Sheet (Doc. No. 105-4), argue Plaintiff was also offered out-of-cell recreation on additional days during the months at issue. (Doc. No. 106 at 6.) Plaintiff disputes this assertion. (Doc. No. 7; Doc. No. 98 at 1-3; Doc. No. 115.) For purposes of summary judgment, I will assume Plaintiff's version of the facts.

(2) visitation twice a month; (3) showers three times a week; and (4) medical attention. (Doc. No. 6 at 2; Doc. No. 105-1 at 5.)

ADC Administrative Directive 2017-02 ("AD17-02") governed conditions of restrictive housing in the ADC during the relevant time. (Doc. No. 7-1 at 55-66). According to AD17-02, one privilege while in restrictive housing is:

> Opportunity for exercise, a minimum of one (1) hour of exercise per day five (5) days per week, unless security or safety dictates otherwise. Opportunities to exercise outdoors, weather permitting. Reasons for the imposition of any constraints should be documented. Inmates who have out-of-cell work assignments are not required to receive the one-hour exercise period.

Out-of-cell recreation time, however, can be cancelled due to: (1) provider call; (2) sick call; (3) dental call; (4) mental health clinic; (5) disciplinary court; (6) staff training; (7) classification; or (8) inmate movement within the unit. (Doc. No. 105-3 at ¶ 7.)

Plaintiff's cell is 60 square feet of floor space, with 35 feet unencumbered by furnishings that include a bunk, toilet, sink, and mattress. (Doc. No. 6 at 2; Doc. No. 105-1 at 5.) Plaintiff concedes that Cellblock 5 cells are large enough for an inmate to exercise in, but he explains that his cell contained five large laundry bags full of property, legal work, books, hygiene products, and clothes. (Doc. No. 105-1 at 6, 21.) Because his cell was so "congested," he did not exercise inside his cell. (Doc. No. 105-1 at 6.)

To prevail on a claim of inadequate recreation time, a plaintiff must show prison officials were deliberately indifferent to his exercise needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992) (*citing Wilson v. Seiter*, 501 U.S. 294 (1991)). In considering an alleged deprivation of adequate exercise, courts must consider several factors, including: (1) the opportunity to be out of

6

the cell; (2) the availability of recreation within the cell; (3) the size of the cell; (4) the duration of confinement; and (5) and any physical injury suffered as a result of the deprivation. *Id*. at 449.

The Eighth Circuit has not set a time limit on how often prisoners must be allowed out of their cell to exercise. In *Rahman X v. Morgan*, the plaintiff, an ADC inmate, was not allowed to go outside to exercise for three months but was allowed to use the dayroom with exercise equipment three hours each week. 300 F.3d 970 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit found the deprivation of exercise outdoors for three months was not "sufficiently serious to establish an Eighth Amendment violation." *Id*. at 974. The deprivation of outdoor recreation alleged by Plaintiff here is less than that at issue in *Rahman X*; however, here Plaintiff was not provided the same opportunity to exercise outside of his cell each week. The Eighth Circuit has explained that while 37 days without an out-of-cell exercise opportunity does not violate the Eighth Amendment, there may be some time less than 90 days without such opportunity that violates the Eighth Amendment. *Phillips v. Norris,* 320 F.3d 844, 848 (8th Cir. 2003).

I find Defendants did not violate the Eighth Amendment when Plaintiff was held in administrative segregation for 60 consecutive days (all of March and April 1-29, 2019) without an opportunity for out-of-cell recreation time for the following reasons. Plaintiff admits that he could have exercised in his cell, but that he did not because it was "congested" with his personal property bags. He could have placed his legal bags on his bed or had ADC officials store his bags to create more room for exercise. He simply chose to not exercise in his cell. Furthermore, Plaintiff was allowed an opportunity to be outside his cell at least 32 times during the 60-day period in question.[4]

---

[4] Plaintiff explained he was allowed outside his cell for: (1) "[b]arber activities" once every two weeks; (2) visitation twice a month; (3) showers three times a week; and (4) medical attention. (Doc. No. 6 at 2.)

7

While 60 consecutive days without out-of-cell recreation is not ideal, given these facts, it did not violate the constitution. Likewise, once the Plaintiff started receiving an hour of out-of-cell recreation time starting on April 30, 2019, through September 2019, though sporadically, Defendants did not violate the Eighth Amendment. *See Knight v. Armontrout*, 878 F.2d 1083, 1096 (8th Cir. 1989) (holding 13 days without yard call was not a constitutional violation); *Rust v. Grammar*, 858 F.3d 411, 414 (8th Cir. 1988) (holding the suspension of yard call for 13 days did not constitute an Eighth Amendment violation); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (holding 15 days without out-of-cell exercise while in punitive confinement was not an Eighth Amendment violation). Accordingly, Plaintiff's claim that between March 2019 and September 2019 Defendants denied him adequate out-of-cell recreation time in violation of the Eighth Amendment should be dismissed with prejudice.

Plaintiff also sued Defendant Nicola Kelly, alleging that between March 2019 and September 2019, she denied him adequate out-of-cell recreation time in violation of the Eighth Amendment. The Clerk filed an Entry of Default against Defendant Kelly.[5] (Doc. No. 89). Plaintiff has now filed a Motion for Default Judgment against Defendant Kelly, seeking damages.[6] (Doc. No. 90.)

---

[5] On December 8, 2020, Defendant Kelly was served, with a summons requiring an answer within 21 days. (Doc. No. 62.) No answer or responsive pleading was filed. On September 9, 2021, Plaintiff filed a Motion for Entry of Default and Default Judgment against Defendant Kelly. (Doc. No. 81.) The Court granted Plaintiff's Motion for Entry of Default and directed the Clerk to enter default.

[6] Federal Rule of Civil Procedure contemplates a two-step process for entry of default. First, the party seeking a default judgment must have the Clerk enter the default by submitting proof that the opposing party failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Then, the moving party may seek entry of judgment on the default under (b)(1) or (b)(2) of the Rule. *See* Fed. R. Civ. P. 55(b); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N. D. Iowa 1995). "Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See*

When co-defendants are similarly situated, a judgment on the merits for the answering party accrues to the benefit of the defaulting party. *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). It would not be fair if a plaintiff prevailed against a defaulting defendant on a legal theory that was rejected with regards to answering defendants in the same action. *Edwards v. Dwyer*, 2008 WL 222514, at *1 (E.D. Mo. Jan. 25, 2008) (*citing Angelo Iafrate Const.,* 370 F.3d at 722). Therefore, the Court's determination that Defendants did not violate Plaintiff's Eighth Amendment regarding Plaintiff's allowed out-of-cell recreation time applies equally to claims against Defendant Kelly who did not answer in this case. Accordingly, I find Defendant Kelly is also entitled to summary judgment and the motion for default judgment should be denied.

**B.     Retaliation**

To proceed with a retaliation claim, a plaintiff must plead facts suggesting he: (1) engaged in protected activity; (2) Defendants took adverse action against him "that would chill a person of ordinary firmness" from engaging in that activity; and (3) retaliation was the motivating factor for the adverse action. *In re Kemp*, 894 F.3d 900, 906 (8th Cir. 2018); *Lewis v. Jacks*, 486 F.3d 1026, 1028 (8th Cir. 2007). Plaintiff has the burden of proving that an "actual motivating factor for the adverse action" was retaliation. *Griggs v. Norris*, 297 Fed. Appx. 553, 555 (8th Cir. 2008).

**1.     September 17, 2019 - Cutting Yard Call Short and Cell Search**

On July 25, 2019, Plaintiff was assigned to the Step-Down Program. (Doc. No. 7-1 at 9; Doc. No. 105-1 at 7.) Administrative Directive 2017-03 ("AD17-03") governed aspects of the Step-Down Program during the relevant time. (Doc. No. 7-1 at 67–72.) Under AD17-03, inmates

---

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Siseton-Wahpeton Community College*, 205 F.ed 1040, 1042 (8th Cir. 200) (*citing* Johnson for this requirement.)

at Levels I, II, III, and IV of the Step-Down Program receive "Recreation-Minimum of ninety (90) minutes, seven days a week." (*Id*. at 70-72.)

On September 17, 2019, Defendants McDaniel and Patterson escorted Plaintiff to the yard for his out-of-cell recreation time. (Doc. 105-2 at ¶ 14.) After 60 minutes, Plaintiff was directed to submit to restraints and go inside. (Doc. No. 105-1 at 12.) It is undisputed that Plaintiff initially refused the order, explaining he was entitled to 90 minutes due to being in the Step-Down Program. (*Id*.) Defendants McDaniel and Patterson informed Plaintiff if he didn't comply with the order, he would get pepper sprayed, receive a disciplinary, or he could get physically hurt through a show of force. (Doc. No. 105-1 at 15.) According to Plaintiff, Defendants McDaniel, Patterson, Johnson, Houston, Russell, Ply, McCraney, and Stewart then all began threatening him with pepper spray and disciplinaries if he did not submit to restraints. (Doc. No. 7-1 at 9; Doc. No. 105-1 at 14.) Defendant Litzsey arrived after being notified of the situation by Defendants McDaniel and Patterson, and he advised Plaintiff it was time to leave the yard. (Doc. No. 105-1 at 12, 14.) Plaintiff tried to explain the situation to Defendant Litzsey who only insisted Plaintiff submit to restraints and leave the yard. (Doc. No. 105-1 at 12, 14.) Plaintiff submitted to restraints and was escorted back to his cell without incident. (*Id*.)

Plaintiff alleges when he got back to his cell, Defendants McDaniel, Litzsey, Patterson, Johnson, Russell, Stewart, McCraney, Ply, and Houston took him outside his cell in cuffs and then "ransacked" his cell in retaliation for filing grievances about yard call.[7] (Doc. No. 105-1 at 13.)

According to declarations made by Defendants Litzsey and McDaniel, cells are searched

---

[7] Plaintiff alleges his property was destroyed in the search, but he did not exhaust this claim. (Doc. No 105-1 at 14.)

10

each time an inmate at the maximum security unit of the ADC is taken to outdoor recreation. (Doc. No. 105-2 at ¶ 16; Doc. No. 105-3 at ¶ 9.)

As this Court previously pointed out (Doc. No. 5 at 8), Plaintiff did not file a grievance against Defendants Johnson, Houston, McCraney, Ply, Russell, Patterson, or Stewart before September 17.[8] (Doc. No. 70-4 at 1-55.) Only Defendants McDaniel and Litzsey were identified by Plaintiff in a grievance prior to September 17. Plaintiff explains in the Amended Complaint, the reason Defendants Johnson, Patterson, Houston, McCraney Ply, Russell, and Stewart retaliated against him was to "show support" for Defendants McDaniel and Litzsey. (Doc. No. 7-1 at 10.) A show of support is simply too tenuous to satisfy the third element of a retaliation claim. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (any allegations of retaliation must be more than speculative and conclusory); s*ee also Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); *Antonelli v. Tipton*, 356 Fed. Appx. 903, 904 (8th Cir. 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were

---

[8] The Defendants that Plaintiff sued for retaliation are named in the following grievances (Doc. 7-1 at 10-163):

|           | 19-684 | 19-848 | 19-976 | 19-1083 | 19-1454 | 19-1578 | 19-1817 |
|-----------|--------|--------|--------|---------|---------|---------|---------|
| McDaniel  |        |        |        | x       | x       | x       | x       |
| Reed      | x      | x      | x      | x       | x       | x       | x       |
| Payne     |        | x      | x      | x       | x       | x       | x       |
| Straughn  |        |        |        |         |         |         |         |
| Byers     |        |        |        |         |         |         | x       |
| Jackson   |        |        |        |         |         |         |         |
| Ford      |        |        |        |         | x       | x       | x       |
| Litzsey   |        |        |        |         |         | x       | x       |
| Patterson |        |        |        |         |         |         |         |
| Johnson   |        |        |        |         |         |         |         |
| Russell   |        |        |        |         |         |         |         |
| Stewart   |        |        |        |         |         |         |         |
| McCraney  |        |        |        |         |         |         |         |
| Ply       |        |        |        |         |         |         |         |
| Houston   |        |        |        |         |         |         |         |

involved in or affected by his grievances.") Therefore, Plaintiff's retaliation claims that arose on September 17 against Defendants Johnson, Houston, McCraney, Ply, Russell, Patterson, and Stewart should be dismissed with prejudice.

As to Defendants McDaniel and Litzsey, there is no evidence that Defendants McDaniel and Litzsey knew Plaintiff was in the Step-Down Program and entitled to 90 minutes instead of 60 minutes. Plaintiff has also not offered any evidence that his yard call time was cut short more than once. A single incident of cutting an inmate's outdoor recreation time from 90 minutes to 60 minutes is not the type of adverse action that would chill a prisoner of ordinary firmness from filing a grievance. *See Walker v. Bowersox*, 526 F.3d 1186 (8th Cir. 2008) (two incidents when inmates received an alternative meal instead of a special food tray was not sufficiently severe to amount to a constitutional violation) (*citing Morris v. Powell*, 449 F.3d 682-684-85) (5th Cir. 2006) (inmate must allege more than *de minimus* or inconsequential act to support retaliation claim)). Plaintiff takes issues with the fact that he was threatened with a disciplinary and show of force if he did not comply with the order to submit to restraints and leave yard call, but officials are entitled to write a disciplinary or use a show of force when necessary if inmates refuse to comply with a direct order. *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (verbal threats do not rise to the level of a constitutional violation).

Defendants also produced evidence that a cell search is conducted each time an inmate is attending outdoor recreation at the maximum security unit of the ADC. Furthermore, a single cell search, as is alleged here, is not the type of adverse action that would support a retaliation claim. *See Rustan v. Ramussen*, 208 F.3d 218, *2 (8th Cir. 2000) (unpublished opinion) (single incident of a cell search is also not the type of adverse action that would support a retaliation claim.)

12

In addition, Plaintiff has not met his burden of demonstrating that retaliation was a motivating factor when his yard call time was cut short or when his cell was searched on September 17. As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . . merely by filing grievances and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*. Instead, a prisoner has a "heavy evidentiary burden" to establish retaliation, and "[m]erely alleging that an act was retaliatory is insufficient." *Meuir v. Greene Cty. Jail Emps*., 487 F.3d 1115, 1119 (8th Cir. 2007).

For all of these reasons, I recommend Plaintiff's claim that Defendants McDaniel and Litzsey retaliated against him when they cut his yard call time from 90 minutes to 60 minutes and searched his cell on September 17 be dismissed with prejudice.

### 2.     October 23, 2019 - Not on Yard List

Plaintiff alleges on October 23, 2019, Defendants Reed, Payne, Straughn, Byers, Jackson, Ford, Litzsey, McDaniel, Patterson, Johnson, Russell, Houston, and Ply refused to put him on the "yard list" in retaliation for filing past grievances regarding the denial of out-of-cell recreation. (Doc. No. 70-4 at 55.)

In the grievance Plaintiff filed on the matter, the Warden responded: "Sgt. Childs (not a named Defendant) and Sgt. Patterson both state that [Plaintiff] was afforded the opportunity for yard call and chose not to get on the list. There is no evidence to support [Plaintiff's] claim." (*Id*.)

Defendants Patterson, McDaniel, Johnson, Houston, Ply, and Russell are the only Defendants Plaintiff alleges were personally involved with the October 23 retaliation claim. (Doc. No. 105-1 at 17, 20). Plaintiff named Defendants Reed, Payne, Straughn, Byers, Jackson, and Ford

for their role as supervisors with regards to his October 23rd retaliation claim. (Doc. No. 105-1 at 19-20.) In a § 1983 action supervisors may not be held vicariously liable for the constitutional violations of their subordinates on a respondeat superior theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, claims against Defendants Reed, Payne, Straughn, Byers, Jackson, and Ford for any alleged retaliation on October 23 fails as a matter of law.

Plaintiff did not name Defendants Patterson, Johnson, Russell, Houston, or Ply in a grievance about yard call prior to October 23. (Doc. No. 5 at 8; Doc. No. 70-4 at 1-55.) Therefore, as explained above, any retaliation claims against Defendants Patterson, Johnson, Russell, Houston, or Ply are simply too tenuous to satisfy the third element of a retaliation claim.

As to the claims that Defendants Litzsey and McDaniel retaliated for keeping Plaintiff off the yard list on October 23, this claim should be dismissed. During a grievance investigation, the Warden found Plaintiff was offered an opportunity for out-of-cell recreation on October 23 and Plaintiff refused. (Doc. No. 70-4 at 55.) This finding was based on the representation made by a non-party defendant and Defendant Patterson, both of whom had no reason to retaliate against Plaintiff or any interest in misrepresenting the truth. (Doc. No. 70-4 at 55.) However, even assuming Plaintiff was left off the list on October 23 in contravention of this evidence, Plaintiff offers no evidence retaliation was a motivating factor, other than his own assertion. *See Celotex Corp. v. Catrett*, 477 U.S.317, 322 (1986) (If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.); *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (a prisoner has a "heavy evidentiary burden" to establish retaliation, and "[m]erely alleging that an act was retaliatory is insufficient.")

Furthermore, Plaintiff acknowledges Defendants Litzsey and McDaniel put him on the outdoor recreation list the following day. His only explanation for this discrepancy is: "Well, because I had brought a grievance and I guess they was tired and fed up." (*Id*.) A single day of being left off the yard list is not something that would deter a prisoner of ordinary firmness from filing grievances. *See Garcia v. City of Trenton*, 348 F.3d 726, 728 (2003) (the ordinary firmness test "is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment"); *Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2008) (acknowledging that "it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise"); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) ("prisoners may be required to tolerate more than public employees ... before action taken against them is considered adverse"). For all these reasons, I find Plaintiff's retaliation claims that arose on October 23 against Defendant Litzsey and McDaniel should be dismissed with prejudice.

## VI.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Motion for Default against Nicola Kelly (Doc. No. 90) be DENIED.

2. Plaintiff's Motion for Summary Judgment (Doc. No. 96) be DENIED.

3. Defendants' Motion for Summary Judgment (Doc. No. 105) be GRANTED.

4. Plaintiff's Complaint (Doc. No. 7-1) be DISMISSED WITH PREJUDICE.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 17th day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE